**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| VIRGIN ATLANTIC AIRWAYS LIMITED,[1] | Case No. 20-11804 (MEW) |
| Debtor in a Foreign Proceeding. | |

## PROVISIONAL RELIEF ORDER

This matter was brought by Shai Weiss, as the duly-authorized foreign representative (the **Foreign Representative**) of Virgin Atlantic Airways Limited (**VAAL**), a private company limited by shares that is the subject of a proceeding (the **English Proceeding**) under Part 26A of the Companies Act 2006 pending before the High Court of Justice of England and Wales (the **English Court**), with the filing of an *Ex Parte Application for Temporary Restraining Order and Motion for Provisional Relief* (the **Motion**) seeking: (i) the immediate entry, on an *ex parte* basis, of a temporary restraining order (x) prohibiting, on a provisional basis, the parties listed in Schedule I hereof (**Contract Counterparties**) from terminating or modifying their contracts with VAAL on the basis of the English Court's August 4, 2020, entry in the English Proceeding of a *Convening Order* (the **Convening Order**), the commencement of this chapter 15 case, or events that occurred prior to the entry of the Convening Order and (y) scheduling a hearing on the Foreign Representative's request for provisional relief (the **TRO**); and (ii) the entry, after such hearing, of an order extending such prohibition pending the final disposition of the Chapter 15 Petition (the **Provisional Relief**).

---

[1] The last four digits of the United States Tax Identification Number, or similar foreign identification number, as applicable, for Virgin Atlantic Airways Limited are 3123.

The Court has considered and reviewed the Motion and the declarations, pleadings, exhibits, and other papers submitted in support thereof. No objections or other responses were filed to the Motion that have not been overruled, withdrawn, or otherwise resolved. All interested parties had an opportunity to be heard on the Motion at a telephonic hearing before the Court on August 7, 2020.

After due deliberation and sufficient cause appearing therefore, the Court finds and concludes as follows:

a. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 1501 and the *Amended Standing Order of Reference of the United States District Court for the Southern District of New York*, dated January 31, 2012, Reference M-431. *In re Standing Order of Reference Re*: Title 11, 12 Misc. 00032 (S.D.N.Y. Jan. 31, 2012) (Preska, C.J.).

b. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P) and the Court may enter a final order consistent with Article III of the United States Constitution.

c. Venue is proper in this District pursuant to 28 U.S.C. § 1410.

d. The Foreign Representative is entitled to the requested relief under 11 U.S.C. § 1519(a).

e. The Foreign Representative has demonstrated a substantial likelihood of success on the merits that the English Proceeding will be recognized as a "foreign proceeding" and a "foreign main proceeding" and that, upon such recognition, the Foreign Representative will be entitled to automatic relief under 11 U.S.C. § 1520(a)(1).

f. The Foreign Representative has demonstrated a substantial likelihood that, unless parties are prohibited from terminating or modifying their contracts with VAAL pending the final disposition of the Chapter 15 Petition, VAAL will suffer irreparable harm to the value of its business as a result of such terminations.

g. No injury will result to any party that is greater than the harm to VAAL in the absence of the requested relief.

h. The interests of the public will be served by granting the requested relief.

i. The requested relief is in the best interests of VAAL, its creditors, and other parties-in-interest.

j. Due to the nature of the requested relief, no security is required under Rule 65(c) of the Federal Rules of Civil Procedure to the extent applicable in this case by Rule 7065 of the Federal Rules of Bankruptcy Procedure.

k. Good, sufficient, appropriate, and timely notice of the Motion and the hearing on the Foreign Representative's request for the Provisional Relief has been given and no other or further notice is necessary or required.

**NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Foreign Representative's request for the Provisional Relief is **GRANTED** to the extent set forth herein.

2. Until the final disposition of the Foreign Representative's *Verified Petition for Recognition of Foreign Proceeding and Motion for Ancillary Relief*, the persons and entities listed on Schedule 1 to this Order are prohibited from terminating or modifying their contracts with VAAL on the basis of the entry of the Convening Order, the commencement of this chapter 15 case, or events that occurred prior to the entry of the Convening Order, *provided, however*, that nothing in this Order shall prohibit a termination or modification that is permitted under the terms of section 233B of the UK Insolvency Act.

3. Given the nature of the relief set forth herein no security or bond shall be required.

4. The terms of this Order shall be immediately effective and enforceable upon its entry.

5. The Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any request for additional relief or any adversary proceeding brought in and through these cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of the Court.

6. The Foreign Representative shall serve notice of this Order by e-mail, where practicable, and by mail, where e-mail is impracticable, to: (i) the Office of the United States Trustee for Region 2; (ii) VAAL; (iii) and all persons and entities listed on Schedule 1 hereto. Such service shall constitute adequate and sufficient service and notice for all purposes.

Dated: New York, New York
       August 7, 2020

                                          **s/Michael E. Wiles**
                                          United States Bankruptcy Judge