**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>VIRGIN ATLANTIC AIRWAYS LIMITED,[1]<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 20-11804 (MEW) |

**ORDER GRANTING RECOGNITION AND RELATED RELIEF**

This matter was brought by Shai Weiss, as the duly-authorized foreign representative (the **Foreign Representative**) of Virgin Atlantic Airways Limited (**VAAL**) in a proceeding (the **English Proceeding**) under Part 26A of the Companies Act 2006 pending before the High Court of Justice of England and Wales (the **English Court**), with the filing of a *Verified Petition for Recognition of Foreign Proceeding and Motion for Ancillary Relief* (the **Chapter 15 Petition**), with accompanying documentation, pursuant to sections 1504 and 1515 of title 11 of the United States Code (the **Bankruptcy Code**) seeking the entry of an order: (i) recognizing the English Proceeding as a "foreign main proceeding" under section 1517 of the Bankruptcy Code; (ii) giving full force and effect in the United States to the *Sanction Order* of the English Court dated September 2, 2020 (the **Sanction Order**) and the restructuring plan sanctioned by such order (the **Plan**), both attached hereto as Exhibit A (together, the **Plan Documents**); and (iii) granting related relief.

The Court has considered and reviewed the Chapter 15 Petition and the declarations, pleadings, exhibits, and other papers submitted in support thereof. No objections or other responses

---

[1] The last four digits of the United States Tax Identification Number, or similar foreign identification number, as applicable, for Virgin Atlantic Airways Limited are 3123.

were filed to the Chapter 15 Petition and the Foreign Representative filed a Certificate of No Objection on August 31, 2020 [Dkt. No. 31].

After due deliberation and sufficient cause appearing therefor, the Court finds and concludes as follows:

a. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure (the **Bankruptcy Rules**), made applicable to this case by Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

b. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and 11 U.S.C. § 1501 and the *Amended Standing Order of Reference of the United States District Court for the Southern District of New York*, dated January 31, 2012, Reference M-431. *In re Standing Order of Reference Re*: Title 11, 12 Misc. 00032 (S.D.N.Y. Jan. 31, 2012) (Preska, C.J.).

c. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P) and the Court may enter a final order consistent with Article III of the United States Constitution.

d. Venue is proper in this District pursuant to 28 U.S.C. § 1410.

e. VAAL has a place of business and property in the United States and is therefore eligible to be a debtor under 11 U.S.C. § 109.

f. The English Proceeding is a "foreign proceeding" within the meaning of 11 U.S.C. § 101(23).

g. The English Proceeding is pending in England, where VAAL has the "center of its main interests" as such term is used in 11 U.S.C. § 1517(b)(1), and as such constitutes a "foreign main proceeding" under 11 U.S.C. § 1502(4) and in satisfaction of 11 U.S.C. § 1517(a)(1).

h. The Foreign Representative is the duly appointed "foreign representative" of VAAL within the meaning of 11 U.S.C. § 101(24) and a "person" within the meaning of 11 U.S.C. § 101(41), in satisfaction of 11 U.S.C. § 1517(a)(2).

      i.      This case was properly commenced pursuant to 11 U.S.C. §§ 1504 and 1509 and the Chapter 15 Petition meets the requirements of 11 U.S.C. §§ 1504 and 1515, in satisfaction of 11 U.S.C. § 1517(a)(3).

      j.      The English Proceeding is entitled to recognition as a "foreign main proceeding" pursuant to 11 U.S.C. § 1517(b)(1).

      k.      The Foreign Representative is entitled to all relief afforded foreign main proceedings automatically upon recognition pursuant to 11 U.S.C. § 1520 and to additional relief pursuant to 11 U.S.C. §§ 1507 and 1521 to the extent set forth herein.

      l.      The relief granted herein is necessary and appropriate, in the interests of the public and international comity, and consistent with the public policy of the United States.

      m.      Good, sufficient, appropriate, and timely notice of the filing of the Chapter 15 Petition and the hearing on the Chapter 15 Petition has been given pursuant to Local Rules 2002-4 and 9078-1 and Bankruptcy Rule 2002(q)(1) and no other or further notice is necessary or required.

**NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1. The Chapter 15 Petition is **GRANTED**.

2. The Foreign Representative is recognized as the "foreign representative" of VAAL within the meaning of 11 U.S.C. § 101(24).

3. The English Proceeding is recognized as a "foreign main proceeding" pursuant to 11 U.S.C. § 1517(b)(1).

4. All automatic relief under 11 U.S.C. § 1520 shall apply in this case, including, without limitation, application of the stay imposed by 11 U.S.C. § 362 (subject to the exceptions set forth in subsection (b) therein) with respect to VAAL and the property of VAAL within the territorial jurisdiction of the United States (provided that such stay shall be limited to "Plan Creditors" as defined in the Plan and shall not apply to actions permitted by the Plan).

5. Pursuant to 11 U.S.C. §§ 1507 and 1521, the Plan Documents are given full force and effect in the United States.

6. The Foreign Representative is authorized to take all actions necessary to carry out this Order.

7. The Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any request for additional relief or any adversary proceeding brought in and through these cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of the Court.

8. The Foreign Representative shall provide service and notice of this Order in accordance with the Court's *Order Specifying Form and Manner of Service of Notice, Scheduling Recognition Hearing, and Waiving Certain Requirements*.

Dated: New York, New York
September 3, 2020

                                          **s/Michael E. Wiles**
                                          Hon. Michael E. Wiles
                                          United States Bankruptcy Judge